IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE BRADLEY, on behalf of herself, and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>WOLF RETAIL SOLUTIONS I, INC., A FLORIDA CORPORATION, WOLF RETAIL SOLUTIONS, L.L.C., A FLORIDA LIMITED LIABILITY COMPANY AND THOMAS ROBINSON, INDIVIDUALLY<br><br>Defendants. | No. 19-CV-<br><br>**District Judge**<br><br>Magistrate Judge<br><br>**_JURY DEMAND_** |

## COMPLAINT

NOW COMES Plaintiff, **MICHELLE BRADLEY,** on behalf of herself and all other Plaintiffs similarly situated, by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for her Complaint against Defendants, **WOLF RETAIL SOLUTIONS I, INC., A FLORIDA CORPORATION, WOLF RETAIL SOLUTIONS, L.L.C., A FLORIDA LIMITED LIABILITY COMPANY AND THOMAS ROBINSON, INDIVIDUALLY**, (each a "Defendant", collectively the "Defendants") states as follows:

**I.     NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

**II.     JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during a portion of the time

relevant to the employment relationship, Plaintiff was a resident of this district and is now, again, a resident of this district, and Defendant is or was engaged in business in this district.

### III. THE PARTIES

3. Defendant, **WOLF RETAIL SOLUTIONS I, INC.,** provides retail store construction and set-up services to new store locations being opened by corporate customers across the nation, including customers in this district. Defendant **WOLF RETAIL SOLUTIONS I, INC.** maintains its corporate headquarters at 4012 Gunn Highway, Suite 200, Tampa, Florida 33618. Defendant **WOLF RETAIL SOLUTIONS I, INC.,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **WOLF RETAIL SOLUTIONS, L.L.C.,** is a related or affiliated corporate entity of **WOLF RETAIL SOLUTIONS I, INC.** and, among potentially other business interests, provides the same or similar retail store construction and set-up services to new store locations being opened by corporate customers. Defendant **WOLF RETAIL SOLUTIONS, L.L.C.** maintains its corporate headquarters at 4012 Gunn Highway, Suite 200, Tampa, Florida 33618. Defendant **WOLF RETAIL SOLUTIONS, L.L.C.,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5. Defendant, **THOMAS ROBINSON,** is the President and owner of both corporate Defendants, **WOLF RETAIL SOLUTIONS I, INC. AND WOLF RETAIL SOLUTIONS,**

**L.L.C.,** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff with respect to policies and practices related to hours worked, accounting of hours worked, employee compensation and other wage and hour issues and therefore, as defined under both the federal and state statutes relied upon, is/was an "employer".

6. Plaintiff, **MICHELLE BRADLEY** (hereinafter referred to as "the named Plaintiff"), is an hourly employee who performs or performed manual in-store construction and set-up duties for Defendants at the various store locations across multiple states wherein Defendants were retained to service. The named Plaintiff worked hours in excess of forty (40) in a workweek, including work that was not recorded or accounted for by Defendants' time keeping system (hereinafter referenced as "work off the clock") and, in work weeks in which she worked in excess of forty hours including the work off the clock, was denied time and one-half compensation for all such hours.

7. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant and were paid hourly wages and also performed work off the clock as described above and also were denied pay at time and one-half compensation. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

IV. <u>STATUTORY VIOLATIONS</u>

**Collective Action Under The Fair Labor Standards Act**

8. Pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf

3

of herself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, *§260*.

**Illinois Minimum Wage Law**

9. Pursuant to the Illinois Minimum Wage Law (IMWL), 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**V.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

10. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

11. During Plaintiff's employment, Defendant paid Plaintiff on an hourly basis.

12. Plaintiff, and members of the Plaintiff Class, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for all such hours pursuant to the requirements of the federal and state statutes herein relied upon.

13. On a weekly basis during their employment with Defendants, Plaintiff and members of the Plaintiff class worked before and after their regularly scheduled shift hours, performing various duties as required by Defendant, including but not limited to:

    a) travel time during regular shift times;

    b) travel time outside of regular shift times wherein work is/was performed to the benefit of Defendants;

    c) travel from job cite to job cite during the course of a workday;

4

   d) meetings before and after regularly scheduled shifts, which was to the benefit of Defendants;

   e) time spent transporting other employees back and forth to airports, train stations or bus terminals outside the regularly scheduled shift;

   f) the completion of paperwork and other miscellaneous clerical work outside the regularly scheduled shift;

   g) travel back and forth from the location of hotel accommodations outside the regularly scheduled shift, to rental car facilities for the purpose of renting automobiles for the week's work on behalf of Defendants;

   g) other, miscellaneous work activities/time outside the regularly scheduled shift to be shown by the evidence which benefited Defendants.

  14. This work performed by Plaintiff and members of the Plaintiff Class was work off the clock to the benefit of the employer without pay, in violation of the requirements of the federal and state statutes herein relied upon.

  15. Additionally, during unpaid meal breaks Plaintiff and members of the Plaintiff class routinely performed work, again to the benefit of the employer, without pay for that time.

  16. In most instances, the work off the clock as described above should have been compensated at time and one-half the workers' regular hourly rate because if the unpaid time was properly treated as compensable, Plaintiff and other members of the Plaintiff Class would have recorded over 40 hours in particular workweeks. In other limited instances, the unpaid time should have compensated at the workers' regular hourly rates.

  17. The total amount of hours worked off the clock by Plaintiff and members of the Plaintiff Class, and therefore the total number of regular and or overtime hours for

which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendant in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found in Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

18. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings pursuant to either the FLSA or the Federal Rules of Civil Procedure 23, and afforded opportunity to join their claims.

19. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings pursuant to either the FLSA or the Federal Rules of Civil Procedure 23, and afforded opportunity to join their claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-19. Paragraphs 1 through 19 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 19 of this Count I.

20. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-

half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

21. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-21 Paragraphs 1 through 21 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of Count II.

22. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions

relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

23. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) and such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-23. Paragraphs 1 through 23 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of Count III.

24. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and

guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

25. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-25. Paragraphs 1 through 25 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 25 of this Count IV.

26. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

27. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

28. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

29. Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 06/26/2019*

/s/ John W. Billhorn

_____

John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.