IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE BRADLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-04301 |
| WOLF RETAIL SOLUTIONS I, Inc. a Florida Corporation, WOLF RETAIL SOLUTIONS, LLC., a Florida Limited Liability Company, and THOMAS ROBINSON, Individually | ) Judge Gary Feinerman ) Magistrate Judge Jeffrey Cole |
| Defendants. | ) JURY DEMANDED |

### DEFENDANTS' MOTION TO COMPEL MEDIATION AND ARBITRATION, AND DISMISS OR STAY PROCEEDINGS

Defendants WOLF RETAIL SOLUTIONS I, INC., WOLF RETAIL SOLUTIONS, LLC, and THOMAS ROBINSON, by and through their attorneys, submit the following Motion to Compel Arbitration and Stay Proceedings, in support of which, Defendants submit the attached Memorandum in Support of Their Motion to Dismiss and state as follows:

1. Plaintiff Michelle Bradley is an employee of Wolf Retail Solutions, Inc. (Compl. ¶ 6, Dkt. No. 1.) Wolf claims that Defendants violated the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") by not paying her and similarly situated employees the compensation they were due, thus violating 29 U.S.C. §201 *et seq*, that Defendants willfully violated 29 U.S.C. §201 *et seq.*, and that Defendants' acts were not based on good faith or reasonable grounds. (*Id*. ¶¶ 1-29.)

2. On January 7, 2019, Plaintiff signed Defendants' employee handbook, which mandates that "[a]ll employees of the Company agree to first seek to mediate any dispute with the Company with a mediator from the American Arbitration Association or similar organization

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6317657

1

trained and experienced in employment disputes." It further states that "[i]f mediation is not successful, both the Company and the employee agree to submit their dispute to arbitration." Therefore, Defendants and Bradley are mutually bound to arbitrate all disputes relating to Plaintiff's employment.

3. Pursuant to the aforementioned agreement, the Court should dismiss these proceedings against Defendants.

4. "[T]here is a growing trend among district courts to dismiss a case when all of the claims alleged therein are subject to arbitration, resulting in 'a judicially-created exception to the general rule which indicates district courts may, in their discretion dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration.'" *Soucy v. Capital Management Services, L.P. et al.*, 2015 U.S. Dist. LEXIS 9991 *16-17 (N.D. Ill. Jan. 29, 2015) (Holderman, J.) (*citing Johnson v. Orkin, LLC*, 928 F. Supp. 2d 989, 1008-09 (N.D. Ill. 2013) (Castillo, J.) (*quoting Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769-70 (8th Cir. 2011).

5. The facts here warrant dismissal because all of Bradley's claims are subject to a valid and enforceable arbitration agreement. Therefore, retaining jurisdiction and staying the case serves little purpose and is a waste of judicial resources. *Johnson*, 928 F. Supp. 2d at 1009. The Court should thus dismiss the case after compelling mediation, and if mediation fails, arbitration.

6. On September 17, 2019, Defendants' counsel notified Plaintiff's counsel about the existence of the aforementioned mediation and arbitration agreement, and shared a copy of Plaintiff's signature with Plaintiff's counsel. Plaintiff's Counsel stated that he would discuss the agreement with Plaintiff and will inform Defendants' counsel how Plaintiff intends to proceed. As of the date of this Motion, Plaintiff has not expressed to Defendants whether she would agree to proceed to mediation and arbitration on this matter.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6317657

2

7. If the Court is disinclined to dismiss this matter in its entirety, then all claims against Defendants should be stayed pending mediation and arbitration.

8. Additionally, Defendants request that all pending deadlines be stayed pending a decision on this motion.

**WHEREFORE**, Defendants WOLF RETAIL SOLUTIONS I, INC., WOLF RETAIL SOLUTIONS, LLC, and THOMAS ROBINSON, move that this Honorable Court issue an order: (1) compelling mediation and arbitration; (2) dismissing this action (or, in the alternative, staying this action); (3) staying all deadlines in this matter; and (4) awarding such other relief as deemed necessary in the circumstances.

Dated: September 24, 2019

*Respectfully Submitted,*

/s/ Sam Sedaei
Sam Sedaei of the Law Offices of Goldman & Ehrlich, CHTD., as Attorney for Defendants WOLF RETAIL SOLUTIONS I, INC., WOLF RETAIL SOLUTIONS, LLC., and THOMAS ROBINSON

Jonathan C. Goldman
Sam Sedaei
Law Offices of Goldman & Ehrlich, Chtd.
20 S. Clark Street, Suite 500
Chicago, IL 60603
(312) 332-6733

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6317657